SOUTH HAVEN TOWNSHIP v DEPARTMENT OF NATURAL
RESOURCES

Docket No. 69547. Submitted November 4, 1983, at Grand Rapids.—
Decided February 8, 1984.

South Haven Township sought from the Department of Natural
Resources a renewal of the license to operate a landfill. The
department denied the application for renewal of the license on
the basis of both the failure of the township to institute a
hydrogeological monitoring program required by the provisions
of the Solid Waste Management Act and the failure of the
township to comply with certain rules promulgated under the
predecessor statute. The township sought administrative review
of the denial of the license. Following a contested case hearing
before a hearing examiner, the director of the department
issued a final decision which incorporated the hearing examiner's finding that the existing license should be revoked and any
pending application for a renewal of the license should be
denied. The township filed in Van Buren Circuit Court a
petition for review of the administrative determination, alleging that the revoking of the prior license and the denial of any
pending application for a renewal of the license was violative of
the Headlee Amendment to the Michigan Constitution in that
the new and increased requirements were being imposed without state funding for the necessary costs for implementing the
newly required activities. The circuit court, Meyer Warshawsky, J., held that the department had impermissibly demanded
compliance with certain provisions of the Solid Waste Management Act without providing state funding for the increased
requirements contained in those provisions, but also held that
there were violations by the township of regulations promulgated under the predecessor statute which had been in effect
prior to the adoption of the Headlee Amendment. The court
ordered that, if the township agreed to comply with the rules
promulgated under the predecessor statute, the department
could not deny the license to operate the landfill on either the

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 61A Am Jur 2d, Pollution Control § 246.
[4] 5 Am Jur 2d, Appeal and Error § 545.

basis of the past violations or on the basis of any new or increased requirements under the Solid Waste Management Act for which the state did not provide funding for the necessary costs incurred in the implementation of the new activities. The department appeals. The township cross-appeals. *Held:*

1. The Solid Waste Management Act imposes upon local units of government the duty to take steps necessary to assure proper disposal of . solid waste. The predecessor statute contained no such requirement.

2. Since the Solid Waste Management Act was passed subsequently to the date that the Headlee Amendment took effect, any new requirements contained in the Solid Waste Management Act or the rules promulgated pursuant to that act may be imposed on local units of government only if there is state funding for any necessary costs associated with the implementation of those new requirements.

3. The hydrogeological monitoring and increased bonding requirements of the Solid Waste Management Act are new or increased requirements which are subject to the provisions of the Headlee Amendment.

4. The Department of Natural Resources may not deny a license for the township's landfill based upon the township's noncompliance with any new requirements imposed by the Solid Waste Management Act or its associated rules where such requirements impose an increased financial obligation on the township without corresponding state funding of the necessary increased costs. The license may be denied if the township fails to comply with requirements existing prior to the date that the Headlee Amendment took effect or if any new requirement does not involve an increased cost to the township.

Affirmed.

1. ENVIRONMENT — SOLID WASTE MANAGEMENT ACT.

The requirement in the Solid Waste Management Act that a county or municipality "shall assure" the removal from the site of generation all solid waste imposes on those units of government the duty to take steps necessary to assure the proper disposal of solid waste; the predecessor statute contained no such requirement (MCL 299.424; MSA 13.29[24]).

2. ENVIRONMENT — CONSTITUTIONAL LAW — SOLID WASTE MANAGEMENT ACT — HEADLEE AMENDMENT.

Any requirements necessary for the licensing of a landfill operated by a local unit of government pursuant to the provisions of the Solid Waste Management Act or the regulations promul-

gated pursuant to that act which were not required by the predecessor statute and the regulations promulgated pursuant to the predecessor statute are requirements requiring an increased level of activity by the local unit of government which, pursuant to the provisions of the Headlee Amendment to the Michigan Constitution, may not be required by the state unless the state provides funds to cover any necessary increased costs resulting from the new requirements (Const 1963, art 9, §§ 25, 29).

3. Environment — Solid Waste Management Act — Landfills — Hydrogeological Monitoring Systems — Bonds.

The provisions in the Solid Waste Management Act and the associated administrative rules promulgated pursuant to that act requiring hydrogeological monitoring systems and increased bonding requirements before a landfill will be licensed are new requirements which did not exist under the provisions of the predecessor statute (MCL 299.414[2], 299.419[1][a]; MSA 13.29[14][2], 13.29[19][1][a]).

4. Appeal — Preserving Question.

The Court of Appeals may decline to address an issue of a party where that party has failed to raise the issue in the trial court.

*Hartwig, Crow, Jones & Portelli* (by *John L. Crow*), for petitioner.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Terrance P. Grady*, Assistant Attorney General, for respondents.

Before: MacKenzie, P.J., and J. H. Gillis and T. C. Megargle,* JJ.

Per Curiam. Respondents appeal as of right an order of the circuit court reversing the final decision of respondent director of the Department of Natural Resources affirming the denial by the Department of Natural Resources (DNR) of petitioner's application for renewal of a license to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

operate its landfill. We affirm the court's order as clarified in this opinion.

The landfill involved in the instant case had been operated by plaintiff for approximately 20 years. In 1981, respondent DNR denied petitioner's application for a renewed license based on petitioner's failure to institute a hydrogeological monitoring program as required under § 14(2) of the Solid Waste Management Act, MCL 299.401 *et seq.;* MSA 13.29(1) *et seq.* Respondent DNR also based its denial of the license on petitioner's failure to comply with certain DNR rules promulgated under the predecessor statute to the Solid Waste Management Act which set forth restrictions relative to burning of refuse, cover, compaction, salvaging, grading, and drainage of surface water.

The circuit court reversed, concluding that respondent DNR had impermissibly demanded compliance with provisions of the Solid Waste Management Act in violation of the Headlee Amendment, Const 1963, art 9, § 29. However, the court found substantial evidence supporting respondent's conclusion that petitioner had violated the aforementioned rules promulgated under the predecessor statute which were in effect prior to adoption of the Headlee Amendment. The court ordered that, if petitioner submitted to respondent DNR a written promise to comply with those rules, respondent DNR could not deny petitioner's reapplication for a license on the basis of these past deficiencies. The court's order also stated that those provisions of the Solid Waste Management Act which did not offend the Headlee Amendment could be enforced by respondent DNR.

The Headlee Amendment became effective December 22, 1978, prior to the January 11, 1979,

effective date of the Solid Waste Management Act, MCL 299.401 *et seq.;* MSA 13.29(1) *et seq.* As pertinent to the instant case, the Headlee Amendment provides that the "state is prohibited from requiring any new or expanded activities by local governments without full state financing", Const 1963, art 9, § 25, and similarly provides:

"A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the legislature or any state agency of units of Local Government, unless a state appropriation is made and disbursed to pay the unit of Local Government for any necessary increased costs". Const 1963, art 9, § 29.

The circuit court concluded that, even though petitioner was not required to operate a landfill under the Solid Waste Management Act or its predecessor, any new requirements for licensure imposed under the Solid Waste Management Act which were not imposed under the predecessor statute came within the scope of the above-quoted portions of the Headlee Amendment. In short, the circuit court reasoned that where a local government was engaged in an activity prior to adoption of the Headlee Amendment, regardless of whether that activity itself is required by the state or not, any new requirements imposed by the state to lawfully continue that activity fall within the scope of the Headlee Amendment. We find it unnecessary to so expansively interpret the scope of the Headlee Amendment in order to resolve the dispute in the present case.

Section 24 of the Solid Waste Management Act provides:

"A municipality or county shall assure that all solid

waste is removed from the site of generation, frequently enough to protect the public health, and are *[sic]* delivered to licensed solid waste disposal areas * * *." MCL 299.424; MSA 13.29(24).

The predecessor statute, while providing for licensing and regulation of refuse disposal facilities, contained no such provision. We agree with the holding in *Delta County v Dep't of Natural Resources,* 118 Mich App 458; 325 NW2d 455 (1982), *lv den* 414 Mich 954 (1982), that § 24 imposes upon municipalities a new duty to take steps necessary to assure the proper disposal of solid waste. We reject as contrary to the plain language of the statute respondent's contention that § 24 does not impose any such duty.

The record in the present case reflects that petitioner's operation of its landfill, while initially voluntarily undertaken under the predecessor statute, is now required to satisfy its duty under § 24 of the Solid Waste Management Act. Consequently, any new, post-Headlee requirements for licensure imposed under the Solid Waste Management Act, *i.e.,* requirements which did not exist under the pre-Headlee predecessor statute or rules promulgated thereunder, constitute state laws requiring an increased level of activity by petitioner, and thus may not be enforced by defendant unless petitioner is provided with state funds to cover any necessary increased costs. *Delta County, supra;* Const 1963, art 9, §§ 25, 29. We are unpersuaded by respondents' argument that, because licensure requirements were imposed prior to Headlee, the state may now change or add to those requirements with the Headlee Amendment applying to those new requirements.

The circuit court found that two particular provisions of the Solid Waste Management Act repre-

sented new post-Headlee requirements for licensure, compliance with which would occasion increased expenditures by petitioner: the hydrogeological monitoring system required by § 14(2) of the act and the amount of bond required under § 19 of the act. Our comparison of the Solid Waste Management Act with the predecessor statute and rules promulgated thereunder confirms the court's determination that these are new licensure requirements which did not exist prior to the Headlee Amendment.

Section 14(2) of the Solid Waste Management Act provides as follows:

"(2) The department shall not license a landfill facility operating without an approved hydrogeologic monitoring program until the department receives a hydrogeologic monitoring program and the results of the program." MCL 299.414(2); MSA 13.29(14)(2).

1982 AACS, R 299.4305(2)-(3), promulgated pursuant to the Solid Waste Management Act, provides as follows:

"(2) The hydrogeological characteristics of the site shall be determined by a study including onsite testing or from earlier reliable survey data to indicate soil conditions, groundwater level, and subsurface characteristics. * * *

"(3) Based on the hydrogeological study prepared pursuant to subrule (2) of this rule, *the applicant shall install a monitor system specifically designed to adequately assess the impact of the sanitary landfill on groundwater.* A monitor system shall be provided to evaluate groundwater quality at the solid waste boundary as well as at other locations based on the hydrogeological study, considering the local geology, surface water, and groundwater conditions specific to each site. These factors shall determine the number and location of monitor stations." (Emphasis added.)

The now repealed predecessor statute, MCL 325.291 *et seq.;* MSA 14.435(1) *et seq.,* contained no reference to a hydrogeological monitoring system, and although a rule promulgated under the former statute, 1979 AC, R 325.2721(2), provided that the "geological characteristics of the site shall be determined by on-site testing or from earlier reliable survey data to indicate soil conditions, water tables and subsurface characteristics", it did not require the installation of a hydrogeological monitoring program as is now mandated by § 14(2) of the act and the present rule, 1982 AACS, R 299.4305(3), quoted above.

With respect to bond, § 19(1)(a) of the act, MCL 299.419(1)(a); MSA 13.29(19)(1)(a), requires a significantly greater amount of bond for sanitary landfills than was required under the now repealed predecessor statute, MCL 325.294(2)(a); MSA 14.435(4)(2)(a). There is also support in the record for the court's conclusion that compliance with the new monitoring program and bond requirements would necessitate increased expenditures by petitioner. Consequently, respondent DNR may not deny petitioner's reapplication for a license based on noncompliance with these requirements in the absence of state funds to pay for the necessary increased costs.

We note that there may be other provisions of the Solid Waste Management Act and the new rules promulgated thereunder which also represent new post-Headlee requirements for licensure and which may occasion increased expenditures by petitioner in order to comply therewith; if so, respondent DNR may not deny petitioner a license based on noncompliance with any such requirements in the absence of state funding to pay for any necessary increased cost. For guidance as to

what constitutes increased "necessary costs" for which the state must provide funds, we refer the parties to this Court's recent decision in *Durant v State of Michigan (On Remand)*, 129 Mich App 517; 342 NW2d 591 (1983).

Respondents argue on appeal that new licensure requirements imposed under the Solid Waste Management Act, even if they do require increased expenditures by petitioner in order for petitioner to achieve compliance, may be enforced despite the absence of state funding if there exist means by which petitioner can raise the necessary money other than by increasing local taxes, for example by charging a user fee, granting contracts or franchises to private entities to operate disposal facilities, or by issuing revenue bonds. We decline to address this argument since respondents did not raise it below. *Sowels v Laborers' International Union of North America*, 112 Mich App 616, 623; 317 NW2d 195 (1981).

Finally, there is no dispute that petitioner had violated various DNR rules promulgated prior to the Headlee Amendment under the predecessor statute to the Solid Waste Management Act. We find no error in the court's order providing that respondent DNR shall not deny petitioner's reapplication for a license on the basis of these past infractions if petitioner submits a written promise to comply with those rules. Of course, should petitioner fail to act in accordance with its promise to comply with those rules, respondent DNR may take appropriate action.

In sum, respondent DNR may not deny petitioner a license to operate its landfill based on noncompliance with new post-Headlee requirements imposed by the Solid Waste Management Act or rules promulgated thereunder if compliance

therewith would require an increase in expenditures by petitioner and if state funds have not been made available to petitioner. However, respondent DNR may deny petitioner a license based on failure to comply with any requirements which existed prior to the Headlee Amendment, and also any new post-Headlee requirements with which petitioner can comply without incurring any increase in "necessary costs", as that term is explained in *Durant, supra,* or for which state funds have been provided. In view of our affirmance of the court's order, we need not address the issue raised by petitioner in its cross-appeal.

Affirmed; no costs, a question of public significance being involved.